UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HERLANDOS Y. McCREE,  No. 10-14478

        Plaintiff,  District Judge Marianne O. Battani
v.  Magistrate Judge R. Steven Whalen

CITY OF DETROIT, ET AL.,

        Defendants.
                                      /

**REPORT AND RECOMMENDATION**

Before the Court is a Motion to Dismiss [Doc. #7] filed by Defendants City of Detroit, Detroit Police Department and Detroit Mayors Office, which has been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that the Motion be GRANTED, and that these Defendants be DISMISSED WITH PREJUDICE.

**I.     FACTS**

Plaintiff Herlandos Y. McCree filed a *pro se* civil complaint on November 9, 2010, naming the above Defendants, as well as an Officer Jackson, who is not part of this Motion. The handwritten complaint is short, and appears to allege an unlawful seizure and/or arrest, in violation of the Fourth Amendment. While it contains certain factual allegations against Defendant Jackson, it states no facts concerning the City of Detroit or the Mayors Office.

**II.     STANDARD OF REVIEW**

Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." In assessing a Rule 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In two recent cases, the United States Supreme Court altered the standard for determining whether a complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6). In In *Bell Atlantic Corp. V. Twombley*, 550 U.S 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Court, construing the requirements of Fed.R.Civ.P. 8(a)(2),[1] held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level...on the assumption that all the allegations in the complaint are true." *Id.*, 127 S.Ct. at 1964-65 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (Internal citations and quotation marks omitted). *See also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, at 1974.

In *Ashcroft v. Iqbal*, _U.S._, 129 S.Ct. 1937,_L.Ed.2d_ (2009), the Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*.[2] First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 129 S.Ct. At 1949, citing *Twombley*, 550 U.S. at 555.  Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown[n]"–'that the pleader is entitled to relief.'" 129 S.Ct. at 1950(Internal citations omitted).

---

[1] Rule 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

[2] *Twombley* was an antitrust case.  *Iqbal* was a prisoner civil rights case.  In any event, it is clear that the *Iqbal* standard is applicable to all 12(b)(6) motions.

### III. DISCUSSION

#### A. Detroit Police Department and Detroit Mayors Office

Plaintiff has named the Detroit Police Department as a Defendant. However, a municipal police department, which is simply an agency of the municipality, is not the proper party in interest in a tort action; rather, the municipality itself is the proper party. *Haverstick Enterprised, Inc. v. Financial Federal Credit, Inc.*, 32 F.3d 989, 992, fn. 1 (6th Cir. 1994) ("A suit against a city police department in Michigan is one against the city itself, because the city is the real party in interest"); *Moomey v. City of Holland,* 490 F.Supp. 188, 189 (W.D. Mich. 1980) (holding that a police department "is merely a creature of the City, the real party in interest"); *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir.1994).

For this reason, Defendant Detroit Police Department must be dismissed. *Payne v. Wyandotte Police Dept.*, 2006 WL 11195824 (E.D. Mich. 2006)(Roberts, J.). By the same reasoning, the "Detroit Mayors Office" is not a separate entity that is amenable to suit; rather, it, like the Police Department, is an agency of the City of Detroit, which is the real party in interest. The Mayors Office must therefore be dismissed.[3]

#### B. City of Detroit

In *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), the Supreme Court In *Monell*, the Supreme Court held that under § 1983, a municipality could not be liable on a theory of *respondeat superior*: "A municipality cannot be held liable *solely* because it employs a tortfeasor - - or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.*, 436 U.S. at 691, 2036. (Emphasis in original). However, the *Monell* Court found that when the acts of individual employees represent the government's custom or policy, the municipality can be held liable. *Id. See also Johnson v. City of Detroit*, 944 F.Supp. 586, 598 (E.D. Mich. 1996) ("The requirement of an official policy

---

[3] In addition, the Complaint contains absolutely no factual allegations as to how the Mayors Office or the Mayor was involved in this case.

distinguishes the acts of the employee from those of the municipality, ensuring that the municipality is held responsible only for the latter.").

Plaintiff has not set forth any facts to support a finding that the City of Detroit has any policy or custom which resulted in the violation of constitutional rights, or that the City has failed to properly train its police force. Further, even assuming that it will be shown that Defendant Jackson violated Plaintiff's constitutional rights, both the Supreme Court and the Sixth Circuit have held that a single incident cannot by itself support an inference of a customary practice sufficient to justify municipal liability under § 1983. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Dorsey v. City of Detroit*, 858 F.2d 338, 345 (6th Cir. 1988).

Therefore, under *Iqbal* and *Twombley*, the Plaintiff has not pled a plausible claim for relief against the City of Detroit.

## IV. CONCLUSION

I recommend that the Defendants' Motion to Dismiss [Doc. #7] be GRANTED, and that Defendants City of Detroit, Detroit Police Department and Detroit Mayors Office be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length

unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/R. Steven Whalen
                                                    R. STEVEN WHALEN
                                                    UNITED STATES MAGISTRATE JUDGE

Dated: August 10, 2011

_____

### CERTIFICATE OF SERVICE

      I hereby certify on August 10, 2011 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically. I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on August 10, 2011: **Herlandos Y. McCree.**

                                                      s/Michael E. Lang
                                                      Deputy Clerk to
                                                      Magistrate Judge R. Steven Whalen
                                                      (313) 234-5217